UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

CIVIL DIVISION

_____X

The Back Nine Indoor Golf LTD, and

T & T Virtual Golf LLC,                                  Civil Action No.: 7:19 CV 1395

                      Plaintiffs,          COMPLAINT

                                    [DEMAND FOR JURY TRIAL]

                      v.

Infinity Golf & Sports Simulators LLC;

Marty Rasmussen, Individually, and as a

Member of Infinity Golf & Sports Simulators LLC;

Nadine Kelley, Individually, and as an Authorized

Person of Infinity Golf & Sports Simulators LLC,

                    Defendants.

_____X

Plaintiffs, The Back Nine Indoor Golf LTD and T & T Virtual Golf LLC, by and through their attorney, Adrian C. Hunte, for and by their Complaint against Defendants Infinity Golf & Sports Simulators LLC; Marty Rasmussen, Individually, and as a Member of Infinity Golf & Sports Simulators LLC; and Nadine Kelley, Individually, and as an Authorized Person of Infinity Golf & Sports Simulators LLC, allege as follows:

1

PRELIMINARY STATEMENT

On or about October 19, 2018, Plaintiffs, The Back Nine Indoor Golf LTD, and T & T Virtual Golf LLC ("Plaintiffs"), by text message, notified Defendants Infinity Golf & Sports Simulators LLC, by Marty Rasmussen, ("Defendants" or "Infinity"), of their intention to proceed with the purchase of golf simulators. Shortly thereafter, the parties entered into an oral agreement for Defendants to supply custom designed and manufactured commercial golf simulators for Plaintiffs' new establishment, TNT Virtual Golf, located in West Nyack, New York.  Defendants were aware of the anticipated on or about opening date of early December 2018, and the importance of delivering all equipment within the six to eight weeks as Tom Allen, a principal of Plaintiffs, agreed to under the terms of sale contained in the written quote dated October 25, 2018.  (Copy attached as Exhibit "A").

Plaintiffs have paid Defendants in full, the amount of $40,000.04, for the goods and services. (Copies of Paid Infinity Invoices attached as Exhibit "B").  Defendants supplied some equipment parts, (parts which are useless without the remaining equipment), with $28,400.00 worth of equipment paid for and still undelivered.  Due to Defendants' failure to deliver the golf simulators, Plaintiffs were forced to purchase from a third-party vendor, Precision Sports, the necessary basic golf simulators, at additional cost and expense of $37, 152.00, (Copy of Precision Sports Invoice and Wire Transfer payment attached as Exhibit "C").  Plaintiffs will have to pay an extra $2,400.00 for software for famous golf courses promised and paid for under the agreement with Defendants, but not delivered. Plaintiffs have paid rent for December 2018 in the amount of $13,000.00, and for half of January 2019, in the amount of $4,500.00, without the ability to be open and to generate income. Plaintiffs have lost revenue in excess of $40,000.00.

Defendants have refused to supply the goods and have refused to return monies owed to Plaintiffs paid to Defendants.

This Complaint seeks avoidance of the agreement, to make Defendants pay to Plaintiffs monies owed to Plaintiffs, and to pay for damages Plaintiffs have suffered as a result of Defendants' failure to perform.

## PARTIES, JURISDICTION, AND VENUE

### PARTIES

1. Plaintiff, The Back Nine Indoor Golf LTD, is incorporated under the laws of the State of New York, with its principal place of business in New York State, at 2050 East Main Street, Cortlandt Manor, Westchester County, New York 10567, Telephone Number (914) 671-5012, Email: tomallen@optonline.net.

2. Plaintiff, T & T Virtual Golf LLC, is a United States Domestic Limited Liability Company, formed under the laws of the State of New York, and has its principal place of business in the State of New York at 1186 Balsam Street, Shrub Oak, County of Westchester, New York 10588, doing business as TNT Virtual Golf, Palisades Mall, 2751 Palisades Center Drive, West Nyack, New York 10994, Telephone Number (845) 263-0913, Email: info@tntvirtualgolf.com.

3. Upon information and belief, Defendant Infinity Golf & Sports Simulators LLC, is a United States Domestic Limited Liability Company, formed under the laws of the State of Florida, and has its principal place of business in the State of Florida, at 9100 16th Place, Unit 1, Vero Beach, County of Indian River, Florida 32966, Telephone number (702) 290-4266, Email: design@infinitygolfsim.com.

4. Upon information and belief, as of September 28, 2018, the Division of Corporations of the State of Florida has listed Defendant Infinity Golf & Sports Simulators LLC as inactive under administrative dissolution for failure to file its annual report. Defendants are not registered with the New York State Secretary of State, to do business in the State of New York.

5. Upon information and belief, Defendant Marty Rasmussen is an individual, a citizen of the State of Florida, 9100 16th Place, Unit 1, Vero Beach, County of Indian River, Florida 32966, and is a Member of Defendant Infinity Golf & Sports Simulators LLC. Upon information and belief, Defendant Nadine Kelley, is an individual and a citizen of the State of Florida, 5976 20th Street, 137, Vero Beach, County of Indian River, Florida 32966. Defendant Marty Rasmussen is listed with the Florida Secretary of State, Division of Corporations, as the Registered Agent, and Nadine Kelley is listed as an Authorized Person, for Defendant Infinity Golf & Sports Simulators LLC, 9100 16th Place, Unit 1, Vero Beach, County of Indian River, Florida 32966, Telephone number (702) 290-4266, Email: marty@infinitygolfsim.com; nadine@infinitygolfsim.com.

## JURISDICTION

6. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §1332(a) (Diversity of Citizenship) because Plaintiffs and Defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000.00.

## VENUE

7. Venue is proper in this judicial district because it is where a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred. See 28 U.S.C. § 1391(b).

8. This Court may exercise personal jurisdiction over Infinity because they transacted business within the State of New York, specifically with Plaintiffs, and this action arises out of that business. Plaintiffs and Defendants entered into various agreements, the terms of which are more fully set forth below (the "agreements"). The agreements were entered into in New York and contemplate Plaintiffs' and Defendants' performance thereunder in New York.

## GENERAL ALLEGATIONS

9. On or about   October 24, 2018, Plaintiffs and Defendants entered into an agreement for the purchase of goods costing more than $500.00.  The agreement was oral. This action falls within the exceptions to the required writings of the Statute of Frauds, under the Uniform Commercial Code Article 2-201, *et seq*., for Breach of an oral contract for failure to deliver six custom-made golf simulators, paid for in full, between merchants, for the sale/purchase of custom-made goods costing over $500.00, evidenced by other writings.

10.  At the time of entering into the oral contract, and throughout the duration of the transaction for the purchase of the six golf simulators, Plaintiffs were unaware, and Defendants failed to notify Plaintiffs, of the administrative dissolution status with the State of Florida, Division of Corporations, dated September 2018, of Infinity Golf & Sports Simulators LLC.

11.  Defendants are merchants engaged in the design, manufacture, sale and installation of commercial golf simulators and other sports simulators, including the type of goods sold to Plaintiffs, and dealing in goods of this kind.

12.  Plaintiffs' goal in entering into the agreement with Defendants was to obtain Defendants' expertise as merchants engaged in the custom design, manufacture, and installation of six golf simulators for use by the general public for a fee, in Plaintiffs' new

establishment located in the Palisades Mall, West Nyack, New York. Plaintiffs are merchants engaged in the operation of indoor golf simulator establishments for use and enjoyment by their patrons.

13. On or about October 25, 2018, Plaintiffs received by email from Defendants, a copy of the written quote, which contained express terms including delivery time of custom goods, between six to eight weeks after acceptance of the quote, and required immediate payment, which payments Plaintiffs made promptly. Plaintiffs expressly told Defendants of the importance of delivery in the promised six to eight-week time frame, as Plaintiffs were entering into a lease in reasonable reliance on Defendants' assurances of timely delivery, with expectations of opening between the end of November 2018 and early December 2018.

14. On or about November 12, 2018, Plaintiffs executed a Lease and Licensing Agreement with the Landlord for the space located in the Palisades Mall, West Nyack, New York. The lease expires August 31, 2019. Plaintiffs have paid rent of $13,000.00 for December 2018, and $4,500.00 for partial rent through mid-January 2019, without the ability to open, operate, and generate revenue. Plaintiffs paid for, and displayed, a sign at the premises, indicating opening early December, and inviting customers to purchase gift cards.

## COUNT I – BREACH OF CONTRACT

15. Plaintiffs hereby incorporate by reference allegations in paragraphs 1-14.

Plaintiffs and Defendants, as merchants, entered into a valid and binding oral contract, for custom-made goods, specifically six golf simulators designed to fit Plaintiffs' needs and space, evidenced by subsequent timely writings, such as price and equipment quotes, paid invoices, emails and text messages.

16. Plaintiffs performed any and all conditions precedent and obligations for which they are seeking avoidance of the agreement and refund of payments made under the Agreement.  Defendants are indebted to Plaintiffs for goods not delivered and for services not rendered under the Agreement, in the amount of $40,000.04.

17. Although Plaintiffs have demanded payment, in emails, telephone calls, and text messages, Defendants have promised to pay, but have failed, and refused, to pay.

18. Plaintiffs have been damaged by Defendants' failure to perform, and for non-payment of the promised refund.

19. Plaintiffs have incurred additional costs of $37,152.00, paid to a third-party vendor, Precision, to cover for the goods not delivered and promised under the agreement with Defendants, plus Plaintiffs will have to pay an extra $2,400.00 to Precision, for specific additional famous golf courses that were included in the agreement with Infinity.

20. Plaintiffs have lost productivity, revenue and profits in excess of $40,000.00, during the time they had not been able to open and operate, including the peak December holiday season, without the necessary equipment paid for and promised by Defendants.  Defendants' actions constitute fundamental breach, therefore, Plaintiffs declare they are entitled to avoidance of the agreement.

## COUNT II – UNJUST ENRICHMENT

21. Plaintiffs hereby incorporate by reference the allegations in the above Paragraphs 1-20.

22. Defendants have benefitted, without delivering the goods purchased and promised, at Plaintiffs' expense, from Plaintiffs' payment in full for the goods ordered; equity and good conscience require restitution to Plaintiffs of all sums paid to Defendants.

23. Although Plaintiffs have made numerous demands for delivery or return of sums paid, Defendants have failed to deliver, and have refused to pay such sums and the amounts remain unpaid. Plaintiffs have been damaged by Defendants' non-payment.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs hereby demand judgment in their favor and against Defendants as follows:

A. Avoidance of the Agreement.
B. Actual damages, compensatory damages and statutory damages, for breach of contract and unjust enrichment, including but not limited to return of purchase price of $40,000.04; amount Plaintiffs incurred to cover for the goods not delivered in the amount of $37,152.00, plus $2,400.00 for famous golf courses; Rent paid of $17,500.00; Lost productivity in the amount of $40,000.00, stemming from Defendants' failure to deliver the goods.
C. Pre- and post-judgment interest on such monetary relief.
D. Equitable relief.
E. Incidental damages; costs of bringing this lawsuit, including reasonable attorney's fees; and
F. For such other and further relief as the Court may deem just and proper in law or equity.

## DEMAND FOR JURY TRIAL

Plaintiffs, The Back Nine Indoor Golf Ltd., and T & T Virtual Golf LLC hereby demand a trial by jury on all issues so triable of right.

## CERTIFICATION AND CLOSING

Under the Rules of Federal Civil Procedure, Rule 11, by signing below, I certify to the best of my knowledge and belief, that this Complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support, or if specifically so identified will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

Dated: February 13, 2019                Respectfully submitted,


                                        HUNTE LAW GROUP, P.C.
                                        By: /s/ *Adrian C. Hunte*
                                        Adrian C. Hunte (AH-4514)
                                        Attorney for Plaintiffs T&T Virtual Golf LLC
                                            and The Back Nine Indoor Golf Ltd.
                                        3147 E. Main St., Unit # 97
                                        Mohegan Lake, New York 10547
                                        Telephone Number: (914) 526-1000
                                        Facsimile: (914) 526-3106
                                        Email: huntelaw1@gmail.com