UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THE BACK NINE INDOOR GOLF
LTD, and T & T VIRTUAL GOLF
LLC,
                   Plaintiffs,

v.                                       **ORDER ADOPTING REPORT**
                                         **AND RECOMMENDATION**

INFINITY GOLF & SPORTS SIMULATORS
LLC; MARTY RASMUSSEN, Individually, and    19 CV 1395 (VB) (PED)
as a Member of lnfinity Golf & Sports
Simulators LLC; and NADINE KELLEY,
Individually, and as an Authorized Person Of
Infinity Golf & Sports Simulators LLC,
                   Defendants.
-----------------------------------------------------------------x

Briccetti, J.:

       Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated August 16, 2019, on a motion for a default judgment submitted by plaintiffs The Back Nine Indoor Golf Ltd. and T & T Virtual Golf LLC (collectively, "plaintiffs"). (Doc. #44).

       Familiarity with the factual and procedural background of this case is presumed.

       In the R&R, Judge Davison recommended entry of a Judgment against defendant Infinity Golf & Sports Simulators LLC ("Infinity Golf"), on plaintiffs' breach of contract claim in the amount of $61,284, plus (i) pre-judgment interest at the rate of 9% per annum from February 14, 2019, until the date of entry of judgment, and (ii) post-judgment interest calculated in accordance with 28 U.S.C. § 1961.

       Judge Davison also recommended that the Court dismiss plaintiffs' (i) claim for unjust enrichment against all defendants, and (ii) claims against defendants Marty Rasmussen, individually and as a member of Infinity Golf, and Nadine Kelley, individually and as an authorized person of Infinity Golf. Judge Davison reasons plaintiffs have failed to prove they are

1

entitled to any recovery for unjust enrichment or against defendants Rasmussen and Kelley as individuals.

Finally, Judge Davison recommended that the Court deny plaintiffs' application for attorneys' fees or costs, because plaintiffs have articulated no theory under which they are entitled to attorneys' fees or costs.

For the following reasons, the Court adopts the R&R in its entirety as the opinion of the Court.

## DISCUSSION

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Plaintiffs timely filed objections to one recommendation contained in Judge Davison's R&R. (Doc. #46). Plaintiffs argue Judge Davison incorrectly recommended that no damage award be entered against individual defendants Rasmussen and Kelley. Plaintiffs argue their allegations in the complaint against Rasmussen and Kelley are enough to impute personal liability to them because plaintiffs alleged that Infinity Golf was inactive under administrative dissolution when plaintiffs and defendants entered into the contract at issue. Under plaintiffs' interpretation of Florida and New York law, the individual defendants face personal liability for continuing to operate Infinity Golf for anything other than winding up purposes.

The Court disagrees.[1]

Ordinarily, the owners of a corporation are not personally liable for obligations incurred by that corporation. Morris v. New York State Dep't of Taxation & Fin., 82 N.Y.2d 135, 140 (1993). However, where "the owners, through their domination [of the corporation] abuse[] the privilege of doing business in the corporate form to perpetrate a wrong or injustice against [a] party . . . a court in equity will intervene." Id. at 143. Such an intervention requires a showing that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) [] such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc., 716 F. App'x 23, 27–28 (2d Cir. 2017) (summary order) (quoting Morris v. New York State Dep't of Taxation & Fin., 82 N.Y.2d at 141).

---

[1] The Court applies New York law here because the laws of New York and Florida on this issue are virtually identical. Wm. Passalacqua Builders, Inc. v. Resnick Developers S ., Inc., 933 F.2d 131, 137 (2d Cir. 1991) (applying New York law after finding "the law in Florida . . . on corporate disregard is virtually identical to New York law"). New York law requires that an actual conflict of laws be identified before applying a choice of law analysis. See Fieger v. Pitney Bowes Credit Corp., 251 F.3d 386, 393 (2d Cir. 2001).

Although a corporation's administrative status may be considered when determining whether to hold an individual personally liable for some underlying corporate obligation, administrative dissolution does not necessarily result in an owner's liability for a corporate debt. See Bogosian v. All Am. Concessions, 2011 WL 4460362, at *5 (E.D.N.Y. Sept. 26, 2011). Even when a corporation has been administratively dissolved, courts still analyze the individual liability under the two elements discussed above. Id. at *6–9.

Here, Judge Davison applied the correct standard in considering whether plaintiffs properly alleged the individual defendants were personally liable for Infinity Golf's corporate debt. Plaintiffs' allegations were insufficient. As Judge Davison noted, plaintiffs make no specific allegations concerning the individual defendants, other than their status within Infinity Golf—certainly no allegations that the corporation's sole shareholder exercised complete domination in respect to the contract at issue and or that the individual defendants used this domination to commit a fraud or wrong. Therefore, Judge Davison correctly determined plaintiffs failed to allege Rasmussen and Kelley were liable for Infinity Golf's breach of contract.

As to all remaining aspects of the R&R to which plaintiff did not object, the Court has reviewed Judge Davison's thorough and well-reasoned R&R and finds no error, clear or otherwise.

**CONCLUSION**

Accordingly, the R&R is adopted in its entirety as the opinion of the Court.

A judgment on default will be entered against defendant Infinity Golf on plaintiffs' breach of contract claim in the amount of $61,284, plus pre-judgment interest at the rate of 9%

per annum from February 14, 2019, until the date of entry of judgment,[2] and post-judgment interest calculated in accordance with 28 U.S.C. § 1961.

Plaintiffs' claim for unjust enrichment is dismissed as to all defendants, and plaintiffs' claims against defendants Rasmussen and Kelley are dismissed.

The Clerk is instructed to enter a Judgment in favor of plaintiffs and against defendant Infinity Golf & Sports Simulators LLC only in the total amount of $64,472.21, representing $61,284 in damages and $3,188.21 in pre-judgment interest, plus post-judgment interest calculated in accordance with 28 U.S.C. § 1961.

The Clerk is further instructed to (i) terminate the motion (Doc. #43), (ii) terminate defendants Marty Rasmussen and Nadine Kelley, and (iii) close this case.

Dated: September 13, 2019
       White Plains, NY

                                    SO ORDERED:

                                    Vincent L. Briccetti
                                    United States District Judge

---

[2] Plaintiffs are awarded $61,284 in damages for their breach of contract claim. At a rate of 9%, the annual interest would be $5,515.56, and the per diem interest would be $15.11. Therefore, by calculating the interest for the 211 days between February 14 and September 13, 2019, plaintiffs are awarded $3,188.21 in pre-judgment interest.